BRIDGES, J.,
for the Court:
¶ 1. In June 1995, the Chancery Court of Lee County granted Robert T. Cornelius, Sr. and Helen G. Cornelius Overstreet a divorce on irreconcilable differences. Helen filed a motion to cite for contempt of court and termination of parental visitation alleging that Robert had violated certain provisions of their property settlement agreement. The chancellor found that Robert had failed to pay back ad valorem taxes as provided in the agreement. Because Helen had already paid the taxes in an effort to avoid foreclosure proceedings, the chancery court ordered Robert to pay to Helen the amount of the back ad valo-rem taxes plus interest. Aggrieved with this decision, Robert has appealed to this Court arguing the following assignments of error which we quote verbatim from his brief:
I. THE LOWER COURT ERRED AND WAS MANIFESTLY WRONG IN AWARDING AP-PELLEE BACK AD VALOREM TAXES IN THE AMOUNT OF $3,000.
II. THE LOWER COURT ERRED AND WAS MANIFESTLY WRONG OR ABUSED ITS DISCRETION AWARDING APPEL-LEE ATTORNEY’S FEES IN THE AMOUNT OF $4,923.19.
After reviewing the record, we cannot say that the chancellor was manifestly wrong, nor did-he abuse his discretion. Accordingly, we affirm the decision of the chancery court.
FACTS
¶ 2. Robert and Helen were married on May 22, 1981. In June 1995, the Lee County Chancery Court granted the parties a divorce on irreconcilable differences. A property settlement agreement signed by both parties was incorporated into the final judgment of divorce. Helen filed a motion to cite for contempt of court and termination of parental visitation, and among other allegations, she alleged that Robert failed to pay $3,000 of ad valorem taxes as provided in the property settlement agreement. Although the property settlement agreement provided that Robert was to pay these taxes, Helen paid the taxes in an effort to prevent foreclosure of the former marital property in Grand Saline, Texas. Robert filed a cross-petition for citation of contempt of court in which he admitted that he agreed to pay approximately $3,000 of ad valorem taxes. However, in his petition, he maintained that because Helen had paid the taxes, he was no longer required to pay the taxes. The chancellor found that Robert was responsible for $3,000 plus interest for back ad valorem taxes and ordered that Robert pay this amount to Helen. The chancellor further ordered that Robert was to pay Helen’s attorney’s fees in the amount of $4,923.19.
ARGUMENT AND DISCUSSION OF LAW
I. THE LOWER COURT ERRED AND WAS MANIFESTLY WRONG IN AWARDING AP-PELLEE BACK AD VALOREM TAXES IN THE AMOUNT OF $3,000.
*334 ¶ 3. Robert argues on appeal that he should not be required to pay for- ad valorem taxes in the amount of $3,000 because Helen paid this debt before the parties entered into a separation agreement, before the final order of divorce, and before Helen filed a motion for contempt. He further argues a provision of the separation agreement that stated that the parties were to be released from claims arising from the marriage. Helen maintains that both parties specifically agreed in the property settlement agreement that Robert would pay the back ad valorem taxes in the amount of $3,000.
¶ 4. This Court’s standard of review for all appeals involving domestic relations cases is well-established. “Our scope of review in domestic relations matters is limited by our familiar substantial evidence/manifest error rule.” Magee v. Magee, 661 So.2d 1117, 1122 (Miss.1995). An appellate court may reverse a chancellor’s finding of fact only when there is not “substantial, credible evidence” justifying his finding. Williams v. Rembert, 654 So.2d 26, 28 (Miss.1995) (quoting Snow Lake Shores Property Owners Corp. v. Smith, 610 So.2d 357, 360 (Miss.1992)).
¶ 5. In the case sub judice, the record contains substantial, credible evidence to support the chancellor’s findings. Robert admits and the propérty settlement agreement shows that Robert was to be responsible for the back ad valorem taxes on the former marital property located in Grand Saline, Texas. Even though Helen paid these taxes to avoid foreclosure proceedings, Robert is still responsible for the payment of the back ad valorem taxes as provided in the property settlement agreement. The Mississippi Supreme Court has held that property settlement agreements are contractual obligations from the date of the final judgment of divorce. Mount v. Mount, 624 So.2d 1001, 1005 (Miss.1993). Further, the supreme court has stated that property settlement agreements may be specifically enforced. Jones v. Jones, 532 So.2d 574, 580 (Miss.1988). The property settlement agreement between Robert and Helen provided specifically that Robert would be responsible for the payment of the back ad valorem taxes. Accordingly, the chancellor did not commit error when he ordered Robert to pay the amount of the back taxes plus any interest to Helen. We, therefore, find this issue to be without merit and affirm the judgment of the chancery court.
II. THE LOWER COURT ERRED AND WAS MANIFESTLY WRONG OR ABUSED ITS DISCRETION AWARDING APPEL-LEE ATTORNEY’S FEES IN THE AMOUNT OF $4,923.19.
¶ 6. Robert also argues on appeal that the chancellor abused his discretion in awarding Helen attorney’s fees because she was financially able to pay these fees. Helen maintains that because Robert failed to object to the award of attorney’s fees or any evidence concerning the attorney’s fees, he has waived his right to assert on appeal that this award is error. This Court has held that, to preserve an issue on appeal, “a contemporaneous objection on specific grounds must be made to the admission of evidence by the trial court.” Denson v. State, 746 So.2d 927 (¶ 17) (Miss.4999). In this case, the record shows that Robert failed to make any objection to the attorney’s fees during the trial. Accordingly, this issue is procedurally barred.
¶ 7. Alternatively, this assignment of error is without merit. In domestic cases, the award of attorney’s fees is within the discretion of the chancellor. Brooks v. Brooks, 652 So.2d 1113, 1120 (Miss.1995). Generally, if a party is able to pay, the award of attorney’s fees is inappropriate. Sarver v. Sarver, 687 So.2d 749, 755 (Miss.1997). However, in Morreale v. Morreale, 646 So.2d 1264, 1271 (Miss.1994), the Mississippi Supreme Court found that a chancellor had abused his discretion in failing to award attorney’s fees to the ex-wife since the ex-husband was found to be in wilful contempt. In this case, the chancellor found Robert to *335 be in contempt of the final judgment of divorce because he failed to pay the back ad valorem taxes as provided in the property settlement agreement. Accordingly, we cannot find that the chancellor abused his discretion. We, therefore, affirm the chancellor’s award of attorney’s fees.
¶ 8. By statute, appellants are required to be charged with 15% of the judgment if it is (1) a final judgment (2) of the type specified by the statute (3) affirmed unconditionally (4) by the Mississippi Supreme Court. Miss.Code Ann. § 11-3-23 (Rev.1991). Although not requésted in this case, Robert is required to be charged with 15% of the final judgment since we are affirming the lower court. The statute directs the imposition of penalties based upon the judgment or decree affirmed if it is monetary. Therefore, we impose a statutory penalty of 15% upon such sum. Legal interest is also due upon the judgment from the date of its entry.
¶ 9. In addition, this Court would like to comment to the bar and the trial bench about cases similar in nature which fall within the purview of Rule 81(d) of the Mississippi Rules of Civil Procedure. The initiation of such actions should be by filing “complaints” or “petitions,” and “counterclaims” or “cross-claims” (whichever might be appropriate), not “motions” and “cross-petitions” as was done in this case. See M.R.C.P. 13, 81(d)(l-3), 81(f), and comments to 81(d)(3) and 81(f).
¶ 10. THE JUDGMENT OF THE LEE COUNTY CHANCERY COURT IS AFFIRMED. STATUTORY DAMAGES AND INTEREST ARE AWARDED TO THE APPELLEE. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR. McMILLIN, C.J., NOT PARTICIPATING.